**Exhibit A**

| Summons | CIVIL DOCKET NO. 2285 CV 00680 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

CASE NAME:

Jose Rivera

vs.

Harbor Freight Tools USA, Inc.

Defendant(s)

A TRUE COPY ATTEST
DEPUTY SHERIFF
Middlesex County
8/8/22
DATE OF SERVICE

Dennis P. McManus — Clerk of Courts
Worcester — County

COURT NAME & ADDRESS:
Worcester Superior Court
225 Main Street
Worcester, MA 01608
Phone: 502-831-2000

THIS SUMMONS IS DIRECTED TO **Harbor Freight Tools USA, Inc.** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **Worcester Superior** Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original response** with the Clerk's Office for Civil Business, **Worcester Superior** Court **225 Main Street, Worcester, MA 01608** (address), by mail or in person **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
**James M. McLaughlin, Esq.
Sullivan & Sullivan, LLP
83 Walnut Street, Wellesley, MA 02481**

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger, Chief Justice on July 20, 2022. (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____          Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

rev. 7/21

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.	SUPERIOR COURT
C.A. NO. 2285 CV 00680

JOSE RIVERA, )
)
Plaintiff )
)
v. )
)
HARBOR FREIGHT TOOLS USA, INC. )
)
Defendant )
)

### PLAINTIFF JOSE RIVERA'S COMPLAINT AND JURY DEMAND

Plaintiff Jose Rivera ("Plaintiff"), by the undersigned attorneys, as and for his Complaint herein alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from the severe and disfiguring personal injuries suffered by Plaintiff while operating a Chicago Electric Power Tool 10-inch 13-amp bench top table saw manufactured, sold and distributed by Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight").

### PARTIES

2. The Plaintiff, Jose Rivera, is an individual who resides at 48 Maverick Street, Fitchburg, Worcester County, Massachusetts.

3. Upon information and belief, Defendant Harbor Freight Tools USA, Inc. is a Delaware Corporation, maintaining its principal place of business at 26541 Agoura Road, Calabasas, California.

## JURISDICTION & VENUE

4. This Court has personal jurisdiction over Harbor Freight because Plaintiff's accident occurred in Massachusetts and Plaintiff's claims arise from the Defendant's:

   a. transacting business in the Commonwealth of Massachusetts;

   b. contracting to supply services or things in the Commonwealth of Massachusetts;

   c. causing tortuous injury by an act or omission in the Commonwealth of Massachusetts; and/or

   d. causing tortuous injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts

## THE FACTS

5. Upon information and belief, on or before the year 2019, Harbor Freight was the designer, manufacturer, tester, supplier, seller, and/or distributor of a Chicago Electric Power Tools 10-inch 13-AMP bench table saw (hereinafter the "Subject Saw") and distributed, supplied and/or sold the Subject Saw.

6. On or before June 26, 2019, Harbor Freight distributed, supplied and/or sold the Subject Saw for use by contractor Jose Perez, Plaintiff's employer.

7. Harbor Freight, as a manufacturer and distributor of power saws, defectively designed the saw and failed to utilize available safer technology in its saws.

2

8. The Subject Saw, like all table saws sold in the United States, is required to be sold with a blade guard. However, the component blade guard on the Subject Saw introduced on or about 2010, failed to adequately inform the user of the component parts, specifically the added feature of an independent riving knife.

9. As a result of the lack of instruction regarding the use of the independent riving knife, users were not properly informed and instructed by Harbor Freight as to the benefits and use of the independent riving knife, and therefore many users did not use it because they were unaware of the independent safety benefits it provided separate from the other component parts of the guard.

10. For years there has also been available technology that, for example, would stop a power saw blade almost instantly upon contact with human flesh, thereby avoiding the traumatic injury suffered by Plaintiff.

11. The Defendant failed to pursue licensing and use of this available technology, or to implement any alternative technology or to mitigate or eliminate the effects of accidental blade contact with human flesh.

12. The Subject Saw does not incorporate flesh detection or braking technology, or other comparable safety technology

13. Had Harbor Freight employed these safer available technologies on the Subject Saw, Plaintiff would not have been injured, or the severity of his injury would have been substantially reduced.

14. On or about June 26, 2019, Plaintiff, while in the course of his employment, was severely injured while using the Subject Saw at 390 Madison Street in Fitchburg, Massachusetts

("the Property"). At the time of the accident, Plaintiff was exercising all due care for his own safety.

## COUNT I

### (Negligence Against Harbor Freight Tools USA, Inc.)

15. The Plaintiff realleges and repeats each and every allegation contained in the preceding paragraphs and incorporates each as if fully set forth herein.

16. Harbor Freight was negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Subject Saw and was negligent with respect to equipping the Subject Saw with adequate safeguards, warnings and/or instructions.

17. As the direct and proximate result of Harbor Freight's said negligence, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT II

### (Implied Warranty Against Harbor Freight Tools USA, Inc.)

18. The Plaintiff realleges and repeats each and every allegation contained in the preceding paragraphs and incorporates each as if fully set forth herein.

19. Harbor Freight impliedly warranted pursuant to Mass Gen. Law c. 106, §2-314 to Plaintiff that the subject saw and its component parts were merchantable, safe and fit for ordinary purposes. Defendant is a merchant with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact merchantable, safe and fit as warranted by the Defendant. Defendant therefore breached these warranties to the Plaintiff.

4

20. As the direct and proximate result of the Defendant's said breach of warranty, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT III

### (Strict Liability Against Harbor Freight Tools USA, Inc.)

21. The Plaintiff realleges and repeats each and every allegation contained in the preceding paragraphs and incorporates each as if fully set forth herein.

22. Defendant placed the Subject Saw that injured the Plaintiff on the market, knowing that it would be used without inspection for defect.

23. The Subject Saw that was placed on the market by the Defendant and which injured the Plaintiff was defective.

24. The defect in the Subject Saw caused Plaintiff's injury, causing Plaintiff to sustain severe and permanent physical injury and great pain of body and mind, to require extensive hospital and medical care and treatment and medical expenses, and to suffer lost time from work, and impaired his ability to engage in normal and usual activities.

WHEREFORE, the Plaintiff demands judgment against Harbor Freight Tools USA, Inc. in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

### THE PLAINTIFF CLAIMS TRIAL BY JURY

Dated: June 16, 2022                    Respectfully submitted,

/s/ Richard J. Sullivan

Richard J. Sullivan, BBO#554085
James M. McLaughlin, BBO#676079
**SULLIVAN & SULLIVAN LLP**
83 Walnut Street
Wellesley, Massachusetts 02481
Ph:   (781) 263-9400
Fx:   (781) 239-1360
Email: rsullivan@sullivanllp.com
           jmclaughlin@sullivanllp.com

6

Date Filed 6/16/2022 12:13 PM
Superior Court - Worcester
Docket Number

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2285 CV 00680 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Jose Rivera | | COUNTY Worcester |
| ADDRESS: 48 Maverick Street, Fitchburg, Ma 01420 | | |
| | DEFENDANT(S): Harbor Freight Tools USA, Inc. | |
| ATTORNEY: Richard J. Sullivan/James M. McLaughlin | | |
| ADDRESS: Sullivan & Sullivan, LLP, 83 Walnut Street, Wellesley, MA 02481 | | ADDRESS: 26541 Agoura Road, Calabasas, California 91302 |
| BBO: 554085/676079 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Products Liability | A | [X] YES   [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................................ $ App 200,000
2. Total doctor expenses ............................................................................................................. $ 4,467.00
3. Total chiropractic expenses .................................................................................................... $
4. Total physical therapy expenses ............................................................................................. $
5. Total other expenses (describe below) ................................................................................... $
    Subtotal (A): $

B. Documented lost wages and compensation to date ................................................................. $ 93,600.00
C. Documented property damages to dated ................................................................................. $
D. Reasonably anticipated future medical and hospital expenses ............................................... $
E. Reasonably anticipated lost wages .......................................................................................... $
F. Other documented items of damages (describe below) ........................................................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $ 298,067

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _[signature]_   Date: 6/16/22

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _[signature]_   Date: 6/16/22

Docketed 2X

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2285CV00680 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Jose Rivera vs. Harbor Freight Tools USA, Inc. | | Dennis P. McManus, Clerk of Courts |
| TO: James M McLaughlin, Esq. Sullivan and Sullivan, LLP 83 Walnut St Wellesley, MA 02481 | | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**             **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/14/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 10/14/2022 | |
| All motions under MRCP 12, 19, and 20 | 10/14/2022 | 11/14/2022 | 12/13/2022 |
| All motions under MRCP 15 | 08/10/2023 | 09/11/2023 | 09/11/2023 |
| All discovery requests and depositions served and non-expert depositions completed | 06/05/2024 | | |
| All motions under MRCP 56 | 07/05/2024 | 08/05/2024 | |
| Final pre-trial conference held and/or firm trial date set | | | 12/02/2024 |
| Case shall be resolved and judgment shall issue by | | | 06/16/2025 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 06/17/2022 | ASSISTANT CLERK Laurie Jurgiel | PHONE (508)831-2350 |
|---|---|---|

AUG 0 8 2022